# EXHIBIT A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 33589482**
**Date Processed: 03/20/2026**

| | |
|---|---|
| **Primary Contact:** | Nykema R Alexander<br>Delhaize America<br>2110 Executive Dr<br>Salisbury, NC 28147-9007 |
| **Electronic copy provided to:** | Denise Moore<br>Michelle Powell |

| | |
|---|---|
| **Entity:** | Ahold Delhaize USA Services, LLC<br>Entity ID Number  2938172 |
| **Entity Served:** | Ahold Delhaize USA Services, LLC |
| **Title of Action:** | Samara Banks-Jordan vs. Apex Systems, LLC |
| **Matter Name/ID:** | Samara Banks-Jordan vs. Apex Systems, LLC (18940916) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Termination |
| **Court/Agency:** | Prince George's County Circuit Court, MD |
| **Case/Reference No:** | C-16-CV-26-001443 |
| **Jurisdiction Served:** | Maryland |
| **Date Served on CSC:** | 03/19/2026 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Lebau & Neuworth, LLC<br>443-273-1203 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

E-FILED; Prince George's Circuit Court
Docket: 3/12/2026 12:40 PM; Submission: 3/12/2026 12:40 PM
Envelope: 25516685

# CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY MARYLAND

14735 Main Street, Upper Marlboro, Maryland, 20772

Circuit Court Clerks: 301-952-3318   Calendar Management: 301-952-3850

**To:** AHOLD DELHAIZE USA SERVICES, LLC
SERVE RESIDENT AGENT: CSC-LAWYERS
INCORPORATING  SERVICE COMPANY
7 ST. PAUL STREET, SUITE 820
BALTIMORE, MD 21202

| | |
|---|---|
| **Case Number:** | **C-16-CV-26-001443** |
| **Other Reference Number(s):** | |
| **Child Support Enforcement Number:** | |

**SAMARA BANKS-JORDAN VS. APEX SYSTEMS LLC, ET AL.**

Issue Date: 03/12/2026

## WRIT OF SUMMONS

You are summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this court, to the attached complaint filed by:

SAMARA BANKS-JORDAN
108 Croydon Court, Apt 8
Silver Spring MD  20901

This summons is effective for service only if served within 60 days after the date it is issued.

Mahasin El Amin #845
Clerk of the Circuit Court

To the person summoned:
Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
Personal attendance in court on the day named is NOT required.
It is your responsibility to ensure that the court has your current and correct mailing address in order to receive subsequent filings and notice in this case.

Instructions for Service:

1.  This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.
2.  Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3.  Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.

**Circuit Court for Prince George's County**

Samara Banks-Jordan vs. Apex Systems LLC, et al.                    Case Number: C-16-CV-26-001443

4.  If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

E-FILED; Prince George's Circuit Court
Docket: 3/12/2026 11:08 AM; Submission: 3/12/2026 11:08 AM
Envelope: 25501218

IN THE CIRCUIT COURT FOR <u>Prince George's County (CC)</u>
City/County

## CIVIL – NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Justice of the Supreme Court of Maryland pursuant to Rule 2-111(a).
*Defendant:* You must file an Information Report as required by Rule 2-323(h).
### *THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING*

**FORM FILED BY:** ☒ PLAINTIFF ☐ DEFENDANT      CASE NUMBER <u>C-16-CV-26-001443</u>
(Clerk to insert)

**CASE NAME:** <u>Samara Banks-Jordan</u>                    VS.      <u>Apex Systems LLC, et al.</u>
Plaintiff                                                                        Defendant

**PARTY'S NAME:** <u>Samara Banks-Jordan</u>                    PHONE: <u>804-356-9453</u>

**PARTY'S ADDRESS:** <u>108 Croydon Court, Apt. 8, Silver Spring, MD 20901</u>

**PARTY'S E-MAIL:** <u>Sb.SJHW@outlook.com</u>

**If represented by an attorney:**

**PARTY'S ATTORNEY'S NAME:** <u>Stephen Lebau & Devan Wang</u>      PHONE: <u>443-273-1207</u>

**PARTY'S ATTORNEY'S ADDRESS:** <u>Lebau & Neuworth, LLC - 502 Washington Ave, Ste 720, Towson, MD 21204</u>

**PARTY'S ATTORNEY'S E-MAIL:** <u>sl@joblaws.net; dw@joblaws.net</u>

**JURY DEMAND?** ☒ Yes ☐ No

**RELATED CASE PENDING?** ☐ Yes ☒ No If yes, Case #(s), if known:_____

**ANTICIPATED LENGTH OF TRIAL?:** _____ hours <u>2</u> _____ days

### PLEADING TYPE

**New Case:**      ☒ Original      ☐ Administrative Appeal      ☐ Appeal
**Existing Case:** ☐ Post-Judgment      ☐ Amendment
*If filing in an existing case,* skip Case Category/Subcategory section – go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Child Victims Act
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint – DOB of Youngest Plt:_____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☐ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt

☐ Fraud
☐ Government
☐ Insurance
☐ Product Liability
**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property/ Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Worker's Compensation
☒ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. – Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

**CC-DCM-002** (Rev. 03/2026)                    Page 1 of 3

| IF NEW OR EXISTING CASE: RELIEF (Check All that Apply) | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Default | ☐ Reinstatement of Employment |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Interest | ☐ Return of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Arbitration | ☐ Financial Exploitation | ☐ Liability | ☐ Specific Performance |
| ☐ Asset Determination | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Attachment b/f Judgment | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Cease & Desist Order | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Condemn Bldg | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Contempt | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☒ Court Costs/Fees | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☒ Damages-Compensatory | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☐ Damages-Punitive | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |

*If you indicated **Liability** above,* mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.   ☐ Liability is not conceded, but is not seriously in dispute.   ☐ Liability is seriously in dispute.

| MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs) | | | |
|---|---|---|---|
| ☐ Under $10,000 | ☐ $10,000 - $30,000 | ☐ $30,000 - $100,000 | ☒ Over $100,000 |
| ☐ Medical Bills $_____ | ☐ Wage Loss $_____ | ☐ Property Damages $_____ | |

| ALTERNATIVE DISPUTE RESOLUTION INFORMATION |
|---|

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation      ☒ Yes ☐ No          C. Settlement Conference   ☒ Yes ☐ No
B. Arbitration     ☐ Yes ☒ No          D. Neutral Evaluation      ☒ Yes ☐ No

| SPECIAL REQUIREMENTS |
|---|

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

| ESTIMATED LENGTH OF TRIAL |
|---|

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.*
*(Case will be tracked accordingly)*

☐ 1/2 day of trial or less      ☐ 3 days of trial time
☐ 1 day of trial time           ☐ More than 3 days of trial time
☒ 2 days of trial time

| BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM |
|---|

***For all jurisdictions,** if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited** - Trial within 7 months of      ☒ **Standard** - Trial within 18 months of
Defendant's response                             Defendant's response

EMERGENCY RELIEF REQUESTED

CC-DCM-002 (Rev. 03/2026)            Page 2 of 3

| COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR) | | |
|---|---|---|
| FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under *Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.* | | |
| ☐ **Expedited** - Trial within 7 months of Defendant's response | | ☐ **Standard** - Trial within 18 months of Defendant's response |

***IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.***

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | |
|---|---|
| ☐ Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ Civil-Short | Trial 210 days from first answer. |
| ☐ Civil-Standard | Trial 360 days from first answer. |
| ☐ Custom | Scheduling order entered by individual judge. |
| ☐ Asbestos | Special scheduling order. |
| ☐ Lead Paint | Fill in: Birth Date of youngest plaintiff _____ . |
| ☐ Tax Sale Foreclosures | Special scheduling order. |
| ☐ Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | |
|---|---|
| ☐ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

March 11, 2026
Date

502 Washington Ave Suite 720
Street Address

Towson      MD      21204
City      State      Zip Code

*Signature of Attorney/Party*      1212130264
Attorney Number

Devan M. Wang
Printed Name

dw@joblaws.net
E-mail

**CC-DCM-002** (Rev. 03/2026)      Page 3 of 3      Reset

E-FILED; Prince George's Circuit Court
Docket: 3/12/2026 11:08 AM; Submission: 3/12/2026 11:08 AM
Envelope: 25501218

RS

## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY
## STATE OF MARYLAND

| | |
|---|---|
| **SAMARA BANKS-JORDAN**<br>108 Croydon Ct. Apt. 8<br>Silver Spring, MD 20901<br>**Plaintiff,**<br><br>v.<br><br>**APEX SYSTEMS, LLC**<br>26745 Malibu Hills Road<br>Calabasas, CA 91301<br><br>Serve Resident Agent:<br>The Corporation Trust, Inc.<br>2405 York Road Suite 201<br>Timonium, Md 21093-2264<br><br>**AHOLD DELHAIZE USA SERVICES, LLC**<br>2110 Executive Drive<br>Salisbury, NC 28147<br><br>Serve Resident Agent:<br>Csc-Lawyers Incorporating<br>Service Company<br>7 St. Paul Street, Suite 820<br>Baltimore, MD 21202<br><br>**Defendants.** | Civil No.:    C-16-CV-26-001443<br><br><br>**Jury Trial Requested** |

## COMPLAINT

Plaintiff, Samara Banks-Jordan, files this Complaint against the Defendants, Apex Systems, LLC ("Apex") and Ahold Delhaize USA Services, LLC ("Ahold"), her former employers, because they terminated her in retaliation for inquiring about her rate of pay, in violation of the Maryland Equal Pay Act ("MEPA"), Md. Code, Lab. & Empl. §§ 3-304.1(a)(3). She was fired in less than 24 hours after she inquired about her wages.

## STATEMENT OF FACTS

### THE PLAINTIFF

1. Plaintiff is an adult resident of the State of Maryland, Montgomery County.

2. Plaintiff was hired to work for Defendant Ahold as an analyst in approximately November 2025.

3. Plaintiff obtained her job with Defendant Ahold through her employment with Defendant Apex, which is a staffing agency.

4. Although Plaintiff was hired in November 2025, her first day working for Defendant Ahold was January 4, 2026.

5. Plaintiff was terminated by Defendants on February 12, 2026, less than 24-hours after she inquired with Defendants about why she was being paid $20 an hour while other employees, as employed in the same position as Plaintiff and hired at the same time, were being paid $30 an hour.

6. Defendants were Plaintiff's employer.

### THE DEFENDANTS

7. Defendant Apex is a for profit company incorporated in California and licensed to do business in the State of Maryland.

8. Defendant Apex hires employees as IT consultants and places those consultants with their clients on a direct placement, contract-to-hire, or contract basis.

9. Defendant Apex hired Plaintiff in November 21, 2025, to work as an Analyst I for their client, Defendant Ahold.

10. Defendant Apex issued Plaintiff's paychecks, which identified Defendant Apex as her employer.

2

11. Defendant Ahold is a for profit company incorporated in Salisbury, North Carolina, that is licensed to conduct business in Maryland.

12. Defendant Ahold operates as the GIANT Company, with its principal office located at 8301 Professional Place, Landover, Maryland 20785.

13. Defendant Ahold assigned Plaintiff her job duties.

14. Defendant Ahold set the terms and conditions of Plaintiff's employment and the work she performed for Ahold.

15. Plaintiff worked for Defendant Ahold at its office located at 8301 Professional Place, Landover, Maryland 20785.

16. Plaintiff was trained by an employee of Defendant Ahold.

17. Plaintiff's manager, Nicollette Lambert, is an employee of Defendant Ahold.

18. Defendant Ahold set Plaintiff's schedule.

19. Defendant Ahold, by employing Plaintiff, acted in the interest of Defendant Apex.

20. Ms. Lambert, an Ahold employee, made the decision to terminate Plaintiff.

21. Plaintiff performed her job well.

22. Plaintiff was never disciplined or counseled when working for Defendant Ahold prior to her termination.

23. Plaintiff was never disciplined or counseled when working for Defendant Apex prior to her termination.

24. Defendants were Plaintiff's joint employer.

**DEFENDANTS VIOLATED THE MEPA**

25. In early February 2026, while in a 1-on-1 training session with Plaintiff's training manager, ICess Canady, an employee of Defendant Ahold, stated "you all are making $30 an hour".

3

26. Later that day, Plaintiff asked her team members, who were all direct hires of Defendant Ahold, about what their training manager had said about their rate of pay.

27. Plaintiff's team members, voluntarily, all confirmed that they were paid $30 and hour.

28. On the morning of February 11, 2026, Plaintiff emailed Stephanie Reese, a recruiter for Defendant Apex, stating:

> Good morning, Stephanie
>
> I hope you are doing well. I was hired as an Analyst I, and in learning more about the team structure, I've noticed that others hired into the same role at the same time are earning a higher hourly rate. Currently, my rate is $20 per hour, and I am the lowest paid within my team.
>
> I value my position and the work I contribute, and I'm hopeful we can discuss whether an adjustment may be appropriate to better align my compensation with my responsibilities and team parity.
>
> Thank you for your time and consideration. I look forward to connecting when convenient.

29. Stephane Reese responded the same day and told Plaintiff that Ms. Reese had to submit a business case to request a pay increase.

30. Later in the day on February 11, 2026, Plaintiff received an email from Maria Montgomery, a Solutions Sales Executive for Defendant Apex, stating that Ms. Reese told her about Plaintiff's concerns regarding her rate of pay.

31. Plaintiff direct messaged Nicollette Lambert on February 11, 2026, at 3:53PM in the afternoon stating:

> Hey Nikki, do you have some time to connect for a 1 on 1? I'm really not trying to be that person but I am the lowest paid out of Ayanle, Sami, and Darnel. We all have the same job responsibilities, I get $20 they get $30. I went to Maria at Apex and she basically said she isn't going to review a pay increase until the future which personally doesn't work for me especially when I am doing the exact same work as my peers.

32. In response, Ms. Lambert stated she would discuss the issue the next day with Maria Montgomery during their lunch.

4

33. At 8:53AM, on February 12, 2026, Maria Montgomery called Plaintiff and asked her who brought up the wage issue and stated that Ms. Lambert was upset that wages were being discussed.

34. Plaintiff responded that it came up in a conversation with her peers.

35. At 3:14PM, on February 12, 2026, when Plaintiff attempted to log into her work computer remotely, she discovered that her access had been deleted.

36. Plaintiff then called Maria Montgomery to ask why her account had been disabled and Ms. Montgomery informed Plaintiff that Nicollette Lambert terminated Plaintiff's employment.

37. Defendants terminated Plaintiff in retaliation for inquiring about the difference in her rate of pay and the rate of pay of her peers.

38. The MEPA § 304.1(a)(1)(i)-(ii) states,

(a) An employer may not:
(1) prohibit an employee from:
(i) inquiring about, discussing, or disclosing the wages of the employee or another employee; or
(ii) requesting that the employer provide a reason for why the employee's wages are a condition of employment;

39. Plaintiff, by inquiring about the difference in her rate of pay and the rate of pay of her peers, engaged in protected activity under the MEPA.

40. Section 304.1(a)(3)(i)-(iii) makes it unlawful for employers to:

(3) take any adverse employment action against an employee for:
(i) inquiring about the employee's wages or another employee's wages;
(ii) disclosing the employee's own wages;
(iii) discussing another employee's wages if those wages have been disclosed voluntarily;

41. Defendants took adverse action against Plaintiff by terminating Plaintiff within 24 hours of her engaging in protected activity by inquiring about the difference in her rate of pay and the rate of pay of her peers.

42. There is a causal connection between Plaintiff's protected activity and Defendants' retaliatory adverse action because Defendants terminated Plaintiff within 24-hours of her engaging in the protected activity.

43. Defendants admitted that they terminated Plaintiff because of her protected activity.

44. On February 13, 2026, Maria Montgomery sent Plaintiff any email that stated in pertinent part:

> You were not let go because you asked for a raise but because you shared the personal information of others with your manager at Ahold Delhaize which violated their privacy.

45. Plaintiff learned about her peers' rate of pay from her training manager, an employee of Defendant Ahold.

46. Plaintiff's peers then voluntarily disclosed their rate of pay to Plaintiff.

47. Plaintiff, in her position as Analyst I, did not have access to her peers' rate of pay.

48. Plaintiff did not violate the MEPA when she discussed her peers' rate of pay with Defendants because Plaintiffs' peers voluntarily disclosed their rate of pay to Plaintiff.

49. Defendant Apex had, and distributed to its employees, an equal pay policy that stated in pertinent part: "Apex Systems is committed to ensuring that employees earn equal pay for equal work. As such Apex will not discharge or in any manner discriminate against employees or applicants because they have inquired about, discussed, or disclosed their own pay or the pay of another employee or applicant."

50. Defendant Apex sent its equal pay policy to Plaintiff on November 20, 2025, after she was hired.

51. Defendants' violations of the MEPA were conducted willfully because Defendants knew, or should have known, that their actions violated the MEPA, as evidenced by Defendant Apex's equal pay policy.

6

52. Plaintiff suffered financial damages in the form of lost wages and benefits as a result of Defendants' adverse action.

53. Plaintiff's damages, including liquidated damages, attorney's fees, and costs exceed $75,000.

## JURISDICTION AND VENUE

54. The unlawful acts alleged above occurred in Prince George's County.

55. This Court has personal jurisdiction over the Defendants.

## VIOLATIONS OF THE LAW

### COUNT I – Unlawful retaliation in violation of § 3-304.1 of the MEPA

56. This count incorporates all allegations of this Complaint.

57. Plaintiff engaged in protected activity when she inquired about the difference between her rate of pay and that of her peers with Defendants.

58. In retaliation for Plaintiff's protected activity, Defendants took adverse action against Plaintiff by terminating her.

59. There is a causal connection between Plaintiff's protected activity and Defendants adverse action because Defendants terminated Plaintiff within 24 hours of her protected activity.

60. There is a causal connection between Plaintiff's protected activity and Defendants adverse action because Defendants, in writing, admitted that terminated her employment because she discussed her peers' rates of pay with her managers.

61. Defendants knew or should have known that their actions violated the MEPA.

62. Plaintiff did not violate any written policy of the Defendant Ahold.

63. Plaintiff did not violate any written policy of Defendant Apex.

7

64. Plaintiff is entitled to her actual damages, liquidated damages and attorney fees and costs caused by Defendants' retaliatory termination of her.

65. Plaintiff's damages, including liquidated damages, attorney's fees, and costs exceed $75,000.

66. Relief requested – Plaintiff respectfully requests that she be awarded: (a) all of her actual damages; (b) liquidated damages; (c) attorney fees and costs; (d) pre- and post- judgment interest; (e) and all other relief the Court deems appropriate.

Respectfully submitted,

Stephen B. Lebau, Esq. (#8812160029)
Lebau & Neuworth, LLC
502 Washington Ave – Suite 720
Baltimore, Maryland 21204
tel. 443.273.1203 | fax. 410.296.8660
sl@joblaws.net

Devan M. Wang, Esq. (#1212130264)
Lebau & Neuworth, LLC
502 Washington Ave – Suite 720
Baltimore, Maryland 21204
tel. 443.273.1207 | fax. 410.296.8660
dw@joblaws.net

*Attorneys for Plaintiff Banks-Jordan*

8

E-FILED; Prince George's Circuit Court
**Docket: 3/12/2026 11:08 AM; Submission: 3/12/2026 11:08 AM**
**Envelope: 25501218**

RS

## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY
## STATE OF MARYLAND

| | |
|---|---|
| **SAMARA BANKS-JORDAN**<br>**Plaintiff,**<br><br>**v.**<br><br>**APEX SYSTEMS, LLC, et al.**<br>**Defendants.** | **Civil No.:**  C-16-CV-26-001443 |

## REQUEST FOR JURY TRIAL

Plaintiff requests that a jury of her peers hear and decide the claims asserted in this

Complaint.

Respectfully submitted,

_____
Devan M. Wang, Esq. (#1212130264)
Lebau & Neuworth, LLC
502 Washington Ave – Suite 720
Baltimore, Maryland 21204
tel. 443.273.1207 | fax. 410.296.8660
dw@joblaws.net

*Attorneys for Plaintiff*

**Samara Banks-Jordan vs. Apex Systems LLC, et al.**

**Circuit Court for Prince George's County**
**Case Number: C-16-CV-26-001443**

# SHERIFF'S RETURN
## (please print)

To: AHOLD DELHAIZE USA SERVICES, LLC

_____  ID# _____  of the _____
Serving Sheriff's Name

County Sheriff's office present to the court that I:

    (1) Served _____
                                                   Name of person served

on _____ at _____
           Date of service                               Location of service

_____ by _____ with the following:
                                          Manner of service

☐ Summons                         ☐ Counter-Complaint

☐ Complaint                      ☐ Domestic Case Information Report

☐ Motions                           ☐ Financial Statement

☐ Petition and Show Cause Order      ☐ Interrogatories
☐ Other _____
            Please specify

(2) Was unable to serve because:

☐ Moved left no forwarding address      ☐ No such address

☐ Address not in jurisdiction           ☐ Other _____
                                                 Please specify

Sheriff fee: $ _____             ☐ waived by

_____    _____
           Date                Signature of serving Sheriff

Instructions to Sheriff's Office or Private Process Server:
1. This Summons is effective for service only if served within 60 days after the date issued. If it is not served within 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY
## STATE OF MARYLAND

SAMARA BANKS-JORDAN
    Plaintiff,

v.

APEX SYSTEMS, LLC, *et al.*
    Defendants.

Civil No.: C-16-CV-26-001443

## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS
## TO DEFENDANT AHOLD DELHAIZE USA SERVICES LLC

Pursuant to the Maryland Rules, Plaintiff requests that Defendant Ahold Delhaize Usa Services LLC ("Ahold") answers the following requests for admissions as required by Maryland Rule 2-424.

## INSTRUCTIONS

As to each matter on which an admission is requested, your response shall admit or deny the matter, shall specify an objection, or shall set forth in detail the reason why you cannot truthfully admit or deny it. You shall state the reasons for any objection. A denial shall fairly meet the substance of the requested admission and, when good faith requires that a party qualify an answer or deny only part of the matter on which an admission is requested, the party shall specify so much of it as is true and deny or qualify the remainder. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that, after reasonable inquiry, the information known or readily obtainable by you is insufficient to enable you to admit or deny. If you consider that a matter on which an admission is requested presents a genuine issue for trial, you may not, on that ground alone, object to the request, but you may deny the matter or set forth reasons for not being able to admit or deny it, subject to the provisions of the provisions of Rule 2-424 the Maryland Rules of Civil Procedure, deny the matter or set forth reasons for not being able to admit or deny it. Originals of documents attached to the admissions will be made available for inspection at the office of Plaintiff's counsel, so that Defendant may not object on the basis that only copies of documents have been provided to it.

## DEFINITIONS

1. Communication: The term "communication" means the transmittal of information by any means.

2. Concerning: The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

3. Document: The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing". Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26(c), electronic mail is included within the definition of the term "document". The terms "writings", "recordings", and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document". The term "document" encompasses all materials maintained or stored electronically or in computers or in other data retention methods.

4. Occurrence/Transaction: The terms "occurrence" and "transaction" mean the events described in the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

5. Parties: The terms "plaintiff" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as, a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

6. Person: The term "person" is defined as any natural person or any business, legal or governmental entity, or association.

7. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

2

8. Or: "Or" is used in the inclusive sense. If, for example, a request calls for all documents which indicate A or B, all documents which indicate A and all documents which indicate B should be produced, as well as all documents that indicate both A and B. In other words, the word "or" may be read as "and/or." "Any" and "every" are also used in the inclusive sense. That is, "any" may be read as "any and all," and "every" may be read as "every and all."

9. Defendant shall mean the named Defendant and all related and affiliated entities (and predecessor companies for whom Defendant assumed obligations), including all agents, salaried employees, administrators, directors, advisors, officers; and if a company, institutional knowledge contained in documents.

## REQUESTS FOR ADMISSIONS

1. Admit that Plaintiff's work schedule was a hybrid in-office/work from home schedule as follows: two days a week working from home from 8PM to 5PM, and three days a week working in-office 8AM – 4:30PM.

2. Admit that when Plaintiff performed services for Defendant Ahold in office, she performed those services at 8301 Professional Place, Landover, Maryland 20785.

3. Admit that Plaintiff did not violate any rule, policy or procedure of the Defendant.

4. Admit that Plaintiff made an inquiry to Defendant about her wage on February 11, 2026.

5. Admit that Defendant informed Plaintiff on February 12, 2026, that she could no longer perform work/services for Defendant.

Respectfully submitted,

Stephen B. Lebau, State Bar #8812160029
Devan Wang, State Bar #1212130264
LEBAU & NEUWORTH, LLC
502 Washington Ave, Suite 720
Towson, Maryland 21204
tel. 410.273.1207
fax. 410.296.8660
e: sl@joblaws.net; dw@joblaws.net

*Attorneys for Plaintiff*

3

**IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY**
**STATE OF MARYLAND**

SAMARA BANKS-JORDAN
    Plaintiff,

v.

APEX SYSTEMS, LLC, *et al.*
    Defendants.

Civil No.: C-16-CV-26-001443

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**
**TO DEFENDANT AHOLD DELHAIZE USA SERVICES LLC**

Pursuant to the Maryland Rules, Plaintiff requests that Defendant Ahold Delhaize Usa Services LLC ("Ahold") answer the following Interrogatories as required under the Maryland Rules.

**INTRODUCTION & INSTRUCTIONS**

1. These Interrogatories are continuing in character, to the full extent permitted by the Maryland Rules, and require you to file supplemental answers if further, other, or different information is obtained prior to trial.

2. These Interrogatories seek all information that is known to Defendant and Defendant's counsel, representatives, agents, servants, employees, consultants, or investigators and, unless otherwise privileged, his counsel, employees, representatives, agents, servants, investigators or consultants.

3. These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party as well as its agents, representatives, and, unless privileged, attorneys. It is intended that the following discovery requests will not solicit any material protected either by the attorney/client privilege or work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced.

4. No part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory. If a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

5.    CLAIMS OF PRIVILEGE: Where a claim of privilege is asserted in objecting to any interrogatory or part thereof, and information is not provided on the basis of such assertion:

A.    In asserting the privilege, the responding party shall, in the objection to the interrogatory or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;

B.    The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information,

(1)    For oral communications:

a.    the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;

b.    the date and place of the communication; and

c.    the general subject matter of the communication.

(2)    For documents:

a.    the type of document,

b.    the general subject matter of the document,

c.    the date of the document, and

d.    such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

6.    If the responding party elects to specify and produce business records in answer to any interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained.

7.    If, in answering these interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer

2

shall do three things: quote the ambiguity, set forth a reason for it being ambiguous to Defendant, and state the construction used in answering.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Maryland Rules.

1. Concerning: The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

2. Communication: The term "communication" means the transmittal of information by any means, including all documents constituting and/or involved in the communication.

3. Defendant shall mean the named Defendant and all related and affiliated entities (and predecessor companies for whom Defendant assumed obligations), including all agents, salaried employees, administrators, directors, advisors, officers; and if a company, institutional knowledge contained in documents.

4. Document: The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" under the Maryland Rules of Procedure and Rules of Evidence and include(s) the term "writing." The term "document" also encompasses the definition of that term as set forth in Plaintiff's First Request for Production of Documents. The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Maryland Rule of Evidence 5-1001. Electronic mail and data stored on a computer or any other data storage device or site is included within the definition of the term "document." A draft or non-identical copy is a separate document within the meaning of the term "document."

5. Identify (with respect to person or client): When referring to a person or client, to "identify" means to state the person's or client's full name, present or last known home and business addresses, email addresses, present or last known home and business telephone numbers, and, when referring to a person, additionally, the present or last known place of employment. If a person is or was employed by Defendant or worked for Defendant in any capacity, "identify" also mean to include dates of employment, positions held (with dates), and reason(s) for separation of employment. Once a person has been identified in accordance with this subparagraph, only the

3

name of the person need be listed in response to subsequent discovery requesting the identification of that person

6. Identify (with respect to documents): When referring to documents, to "identify" means to state the: (i) type of document (i.e. letter, email, memo, spreadsheet, journal entry, text message, etc.); (ii) general subject matter; (iii) date of the document; and, (iv) author(s), addressee(s), and recipient(s); or, alternatively, to produce the document.

7. Identify (with respect to communications):

    a. For oral communications:

        i. the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;

        ii. the date and place of the communication; and

        iii. the general subject matter of the communication.

    b. For written communications: See Definition No. 7 ("Identify (with respect to documents").

8. Occurrence / Transaction: The terms "occurrence" and "transaction" mean the events described in the Complaint and other pleadings.

9. Parties: The terms "plaintiff" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, agents and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

10. Person: The term "person" is defined as any natural person or any business, legal or governmental entity or association, and includes all predecessor, successor, and/or affiliated entities.

11. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. The terms "person, he, she, they" all refer to both genders if applicable.

12.    Or: "Or" is used in the inclusive sense. If, for example, a request calls for all documents which indicate A or B, all documents which indicate A and all documents which indicate B should be produced, as well as all documents that indicate both A and B. In other words, the word "or" may be read as "and/or." "Any" and "every" are also used in the inclusive sense. That is, "any" may be read as "any and all," and "every" may be read as "every and all."

13.    Singular and plural usage. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following document requests all information or documents that would be excluded absent this definition.

## INTERROGATORIES

**Interrogatory No. 1.**    Identify all persons who are likely to have personal knowledge of any fact that supports the denials alleged in Defendant's Answer to the Complaint and its Affirmative Defenses, state the specific subject matter of the personal knowledge possessed by each such person, and identify all documents that contain the responsive information, in part or whole.

**Interrogatory No. 2.**    State in detail all training, policies, or procedures the Plaintiff was required to follow and identify all documents that contain the responsive information, in part or whole.

**Interrogatory No. 3.**    State in detail all services, tasks, duties, or assignments Plaintiff was required to perform and identify all documents that contain the responsive information, in part or whole.

**Interrogatory No. 4.**    Identify the role/title/position Plaintiff was assigned to in the performance of services identified in response to Interrogatory No. 3 (i.e. Analyst, Analyst I, Consultant, etc.).

**Interrogatory No. 5.**    Identify each person who performed the same job duties, tasks, services, duties or assignments as Plaintiff from November 1, 2025, through February 2026 and, for each person identified, state his/her rate of pay, adjustments in rate of pay, and start date.

**Interrogatory No. 6.**    Identify all communications concerning, about, or related to Plaintiff's actual or considered wages and/or and cessation of performing work or services for Defendant, and identify all documents that contain the responsive information, in part or whole.

5

**Interrogatory No. 7.**    Identify all persons that set the terms and conditions for Plaintiff's performance of work or services for Ahold, and state in detail the role Defendant claims they performed and identify all relevant documents.

**Interrogatory No. 8.**    Identify all persons who participated in the decision to end Plaintiff's performance of services for Defendant, and, for each person identified, state the extent and nature of their participation.

**Interrogatory No. 9.**    Identify all policies, procedures and/or rules that Plaintiff violated and all documents that contain the responsive information, in part or whole.

Respectfully submitted,

Stephen B. Lebau, State Bar #8812160029
Devan Wang, State Bar #1212130264
LEBAU & NEUWORTH, LLC
502 Washington Ave – Suite 720
Towson, Maryland 21204
tel. 410.273.1207 | fax. 410.296.8660
e: sl@joblaws.net; dw@joblaws.net

*Attorneys for Plaintiff*

**IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY**
**STATE OF MARYLAND**

**SAMARA BANKS-JORDAN**
    **Plaintiff,**

**v.**

    **Civil No.: C-16-CV-26-001443**

**APEX SYSTEMS, LLC,** *et al.*
    **Defendants.**

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**
**TO DEFENDANT AHOLD DELHAIZE USA SERVICES LLC**

Pursuant to the Maryland Rules, Plaintiff, by and through undersigned counsel, requests that Defendant Ahold Delhaize Usa Services LLC ("Ahold"), answers the following Requests as required by Maryland Rule 2-422.

**INTRODUCTION & INSTRUCTIONS**

1. These Requests for Production of Documents are continuing in character, to the full extent permitted by the Maryland Rules, and require you to file supplemental answers if further, other, or different information is obtained prior to trial.

2. These Requests seek all information that is the possession and control of Defendant and Defendant's agents, servants, employees, consultants, counsel, representatives, and investigators and, unless otherwise privileged, all documents.

3. It is intended that the following discovery requests will not solicit any material protected either by the attorney/client privilege or work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced.

4. CLAIMS OF PRIVILEGE: Where a claim of privilege is asserted in objecting to any request or part thereof, and documents are not provided on the basis of such assertion:

    A. In asserting the privilege, the responding party shall, in the objection to the request or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;

    B. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information,

(1) For documents memorializing privileged oral communications:

    a.    the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;

    b.    the date and place of the communication; and

    c.    the general subject matter of the communication; and

    d.    the date and author of the memorialization.

(2) For documents:

    a.    the type of document,

    b.    the general subject matter of the document,

    c.    the date of the document, and

    d.    such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

5. If, in responding, the responding party encounters any ambiguities when construing a request, instruction, or definition, the responding party's answer shall answer shall do three things: quote the ambiguity, set forth a reason for it being ambiguous to Defendant, and state the construction used in answering.

### DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Requests are intended to have the broadest meaning permitted under the Maryland Rules.

1. Concerning: The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

2. Communication: The term "communication" means the transmittal of information by any means, including all documents constituting and/or involved in the communication.

3. Defendant shall mean the named Defendant and all related and affiliated entities (and predecessor companies for whom Defendant assumed obligations), including all agents, salaried

employees, administrators, directors, advisors, officers; and if a company, institutional knowledge contained in documents.

4. Document: The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" as used under the Maryland Rules of Procedure and Rules of Evidence and include(s) the term "writing," as defined by Maryland Rule 2-422(a). Documents are defined by Rule 2-422(a) to include "documents or electronically stored information (including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form)." Documents include electronic mail ("email"), electronic data, and other electronic information. Electronic mail, text messages and data stored on a computer or any other data storage device or site is included within the definition of the term "document." The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms, as stated and defined in Maryland Rule of Evidence 5-1001 and incorporated herein.

5. Person: The term "person" is defined as any natural person or any business, legal or governmental entity or association, and includes all predecessor, successor, and/or affiliated entities.

6. Requests for documents include request for draft documents. A draft or non-identical copy is a separate document within the meaning of the term "document."

7. Or: "Or" is used in the inclusive sense. If, for example, a request calls for all documents which indicate A or B, all documents which indicate A and all documents which indicate B should be produced, as well as all documents that indicate both A and B. In other words, the word "or" may be read as "and/or." "Any" and "every" are also used in the inclusive sense. That is, "any" may be read as "any and all," and "every" may be read as "every and all."

8. Singular and plural usage. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following document requests all information or documents that would be excluded absent this definition.

## REQUESTS FOR PRODUCTION

**Request No. 1.**     All documents identified in responses to Plaintiff's Interrogatories.

**Request No. 2.**     All documents that show, evidence, record, or contain information about all communications about Plaintiff's actual or considereed wages and/or the cessation of her performing work and/or services for Defendant.

**Request No. 3.**     All documents provided to Plaintiff by Defendant Ahold from November 2025 through February 2026, including but not limited to policy or procedure documents, training documents, schedules, descriptions of tasks or services Plaintiff was to provide to Defendant, and task assignments.

**Request No. 4.**     All documents that show, evidence, record, or contain information about all policies, procedures, and/or rules Plaintiff was required to comply with.

**Request No. 5.**     All agreements and contracts between Defendant Ahold and Defendant Apex.

**Request No. 6.**     All documents that constitute or refer to communications and/or discussions between Defendant Ahold and Defendant Apex about Plaintiff.

Respectfully submitted,

Stephen B. LeBau, State Bar #8812160029
Devan Wang, State Bar #1212130264
LEBAU & NEUWORTH, LLC
502 Washington Ave – Suite 720
Towson, Maryland 21204
tel. 410.273.1207
fax. 410.296.8660
e: sl@joblaws.net; dw@joblaws.net

*Attorneys for Plaintiff*